IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
NOV 12 2008
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

WESLEY DOYLE PAYNE,

    Plaintiff,

v.                                Action No. 2:08cv119

WYETH PHARMACEUTICALS, INC.,

    Defendant.

## ORDER

Plaintiff, Wesley Doyle Payne ("Payne"), brings this negligence action against Defendant, Wyeth Pharmaceuticals, Inc. ("Wyeth Pharmaceuticals"), alleging that Wyeth Pharmaceuticals is vicariously liable for an automobile accident in which Payne was injured and seeking $25,000,000 in compensatory damages. Presently before the Court is Wyeth Pharmaceuticals' Motion to Join American Legal Funding as a Real Party in Interest. After considering the motion, counsel's accompanying memoranda, and oral arguments before the Court on November 3, 2008, and for the reasons set forth herein, the Court DENIES Wyeth Pharmaceuticals' Motion to Join American Legal Funding as a Real Party in Interest.

### I. Statement of Facts

Payne's Complaint alleges that on or about January 8, 2007, Wyeth Pharmaceuticals' employee, Michael Charles Romano, negligently drove his automobile into Payne's automobile. Compl. ¶¶ 5-6. Payne allegedly was seriously injured, suffering, among other things, a severe brain injury that has left him permanently

impaired. Compl. ¶ 8. Payne brought this diversity action against Wyeth Pharmaceuticals on March 10, 2008, seeking compensatory damages.

Beginning in July 2007, Payne began receiving funds from American Legal Funding, LLC ("ALF") under the terms of a Consensual Equity Lien and Security Agreement to help fund this suit. Def. Mem. Supp. Ex. 4. Under the terms of the initial agreement between Payne and ALF, and the terms of all subsequent agreements, ALF advanced funds to Payne in return for a lien and security interest in any future proceeds of the instant litigation. Def. Mem. Supp. Exs. 3 and 4. Each agreement states that the advanced funds are investments by ALF in the litigation and not a loan to Payne. Id. Specifically, Payne will owe no money to ALF at the conclusion of the case if Payne receives no payment or recovery. Id. Further, each agreement provides that Payne is not making an assignment of his case or cause of action to ALF. Id.

## II. Analysis

### A. Real Party in Interest

Federal Rule of Civil Procedure 17 provides that "[a]n action must be prosecuted in the name of the real party in interest." The purpose of Rule 17 is to ensure that the person bringing a lawsuit has the right to enforce the asserted claim. Virginia Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83 (4th Cir. 1973). In a diversity action, the question of whether a party may enforce the asserted right is determined by the state substantive law. Id. Wyeth Pharmaceuticals asserts that reading Va. Code Ann. § 8.01-13, along with Va. Code Ann. § 8.01-26, results in the

assignee of the proceeds of a personal injury action becoming a real party in interest under Virginia law. Def. Mem. Supp. at 4. Virginia law expressly provides that a party may not assign a personal injury cause of action, but may assign "the proceeds or anticipated proceeds of any court award or settlement," Va. Code Ann. § 8.01-26, and "[t]he mere fact that a party may benefit from the litigation in question does not raise that party [to the status of a real party in interest]." In re Barrow, 87 B.R. 879, 887 (Bankr. E.D. Va. 1988)(citing Armour Pharmaceutical Co. V. Home Ins. Co., 60 F.R.D. 592, 594 (N.D. Ill. 1973)). Nothing in Va. Code Ann. § 8.01-13, in providing that an assignee of a chose in action may maintain an action in his own name, makes the assignment of proceeds of litigation equal to the assignment of the underlying claim. Payne's assignment of the proceeds of the instant litigation to ALF, therefore, does not convert ALF into a real party in interest because the assignment of the proceeds does not allow ALF to pursue Payne's personal injury action in its own name.

**B. Joinder of American Legal Funding, LLC**

Regardless of whether ALF is a real party in interest, the question of whether ALF must be joined as a party in the instant litigation is governed by Fed. R. Civ. P. 19(a), which states:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede

>            the person's ability to protect the
>            interest; or
>     (ii)   leave an existing party subject to a
>            substantial risk of incurring double,
>            multiple, or otherwise inconsistent
>            obligations because of the interest.

Neither party has contested this Court's ability to accord complete relief among the existing parties without joining ALF as a plaintiff. Further, ALF claims no interest that relates to the personal injury action that is being litigated here. The personal injury cause of action has not, and cannot, be assigned to ALF. ALF's interest in the proceeds of the litigation is wholly separate from having any interest in the litigation itself.

Additionally, ALF has taken steps outside of the instant litigation that will sufficiently protect its interest in the event that Payne is awarded a judgment or receives a settlement in this case. Specifically, each advance of funds is evidenced by a consensual equity lien and security agreement authorizing ALF to file a financing statement pursuant to the Uniform Commercial Code ("UCC") to perfect its security interest.[1] Def. Mem. Supp. Exs. 3 and 4.

At the hearing on November 3, 2008, counsel for Wyeth Pharmaceuticals argued that the existence of these agreements and UCC filings puts Wyeth Pharmaceuticals at substantial risk of being subject to additional litigation or of incurring multiple

---

[1] At the hearing on November 3, 2008, counsel for Wyeth Pharmaceuticals informed the Court that ALF has filed financing statements pursuant to its agreements with Payne.

obligations as to any dispensation of the case. The Court finds this argument unpersuasive. Until a judgment, if any, is entered for Payne, it is too speculative to hold that Wyeth Pharmaceuticals could be subject to further litigation so as to require the joinder of ALF as a plaintiff in this action. Neither the lien nor the security interest in the proceeds of the litigation may attach until there is a judgment or settlement in this case.[2] See Va. Code Ann. § 8.9A-203 (listing the requirements for attachment and enforceability of security interests). Without attachment, ALF has no rights that it could assert against Wyeth Pharmaceuticals in this action or any subsequent action.

### III. Conclusion

For the foregoing reasons, the Court DENIES Wyeth Pharmaceutical's Motion to Join American Legal Funding as a Real Party in Interest (Document No. 57). ALF is not a real party in interest under Fed. R. Civ. P. 17, and Fed. R. Civ. P. 19 does not require that ALF be joined as a plaintiff in this action.

IT IS SO ORDERED.

/s/ _____
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
November 12, 2008

---

[2] The UCC expressly requires that a debtor have rights in the collateral before a security interest is enforceable against the debtor or against third parties. Va. Code Ann. § 8.9A-203(b)(2).

5